UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARSHALL GODBOLD,

                              Plaintiff,

v.                                                             3:24-CV-0285 (AMN/ML)

NEWELL B. FIELD, New York State
Trooper; and PATRICK MCCORMACK,
New York State Trooper,

                              Defendants.
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**MARSHALL GODBOLD**
1432 Burnet Avenue
Syracuse, New York 13206
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.    INTRODUCTION**

On February 27, 2024, Plaintiff *pro se* Marshall Godbold ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendants, who are New York State Troopers, violated his constitutional rights by unlawfully searching his car during a stop on April 11, 2022. Dkt. No. 1 ("Complaint"). Plaintiff filed the Complaint with a motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2.

On March 1, 2024, this Court issued an order directing administrative closure because the action was not properly commenced. Dkt. No. 3. The Plaintiff was directed to either (1) pay the filing fee in full, or (2) file a completed and signed inmate authorization form, within 30 days if he wished to pursue this action. *Id.* On March 8, 2024, Plaintiff filed an inmate authorization

1

form. Dkt. No. 4. On March 11, 2024, this Court directed that the Clerk of the Court reopen this action and restore it to the Court's active docket. Dkt. No. 5.

On March 15, 2024, United States Magistrate Judge Miroslav Lovric denied Plaintiff's IFP application as incomplete. Dkt. No. 6. Magistrate Judge Lovric directed Plaintiff to submit a full and completed IFP application on or before April 15, 2024, if he wished to proceed in this action IFP. *Id.* Plaintiff was cautioned that failure to comply with court orders, or failure to promptly proceed with this litigation may result in sanctions being imposed pursuant to Fed. R. Civ. P. 37 and 41, including dismissal of the case. *Id.* On April 3, 2024, Plaintiff filed an amended IFP application. Dkt. No. 8. On July 9, 2024, Magistrate Judge Lovric issued a text order denying without prejudice Plaintiff's amended IFP application because Plaintiff had been released from custody. Dkt. No. 12. Plaintiff was directed that if he wished to pursue this action, "he shall, within 30 days, file an updated IFP application reflecting his financial status now that he is no longer incarcerated." *Id.* Plaintiff was provided with a blank long form IFP application. *Id.*

On September 16, 2024, Magistrate Judge Lovric issued another text order noting that Plaintiff had failed to comply with the Court's order and directing Plaintiff to show cause on or before October 16, 2024, why this matter should not be dismissed for failure to comply with the Court's orders, failure to pursue this litigation, and failure to properly commence the action by paying the filing fee or properly seeking IFP status. Dkt. No. 13. Plaintiff was cautioned that, "[f]ailure to comply with this directive may result in dismissal of the case." *Id.*

On October 17, 2024, Magistrate Judge Lovric issued another text order noting Plaintiff's failure to comply with the Court's previous orders and extending Plaintiff's deadline for showing cause as to why the matter should not be dismissed until October 31, 2024. Dkt. No. 14.

To date, Plaintiff has not complied with the Text Orders at Dkt. Nos. 12, 13, or 14.

On November 7, 2024, Magistrate Judge Lovric issued a Report and Recommendation recommending that the Complaint be dismissed in its entirety pursuant to Fed. R. Civ. P. 41(b) based on Plaintiff's failure to comply with this Court's orders and the local rules of practice. Dkt. No. 15 ("Report-Recommendation"). The Report-Recommendation was served on Plaintiff via regular mail at his last known address. *Id.* Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. No objections have been lodged, and the time to do so has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.   LEGAL STANDARD**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C); *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012). If no specific objections have been filed, this court reviews a magistrate judge's report-recommendations for clear error. *See id.* at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a clear error review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

As Plaintiff has not filed objections to the Report-Recommendation, this Court reviews the Report-Recommendation for clear error.

In reaching his recommendation, Magistrate Judge Lovric considered each of the five factors that courts in the Second Circuit use to adjudicate motions and consider *sua sponte* dismissals pursuant to Rule 41(b). Dkt. No. 15 at 4-5 (citing, *inter alia*, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Magistrate Judge Lovric found that each factor weighed in favor of dismissal. *Id.* at 5.

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 15, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules and close the case.

**IT IS SO ORDERED.**

Dated: January 14, 2025
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge